UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BOBBY ALAN RIDOUT, | : Case No. 3:19-cv-00236 |
| Plaintiff, | : District Judge Thomas M. Rose |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[1]

The Social Security Administration has twice denied Plaintiff Bobby Alan Ridout's application for Disability Insurance Benefits (or for a closed period of such benefits). Its first denial rested on the conclusion that Plaintiff was not under a disability. Plaintiff appealed the denial to this Court, resulting in a decision by U.S. Magistrate Judge Michael J. Newman to remand the matter to the Administration. Judge Newman determined that a remand for further proceedings was warranted, rather than an award of benefits to Plaintiff, because the evidence of his disability was not overwhelming in light of the conflicting medical opinions and because of the need for the ALJ to "reasonably and meaningfully weigh all opinion evidence; conduct a thorough Listing analysis; reassess Plaintiff's credibility; and determine Plaintiff's RFC and disability status anew …." (Doc. #5, *PageID* #s 550-61).

On remand, the Administration again denied Plaintiff's application for benefits. This

---

[1]Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

second denial arose from Administrative Law Judge (ALJ) Deborah F. Sanders' conclusion in February 2018 that Plaintiff was not under a disability and, hence, not eligible for benefits. *Id*. at 422-37.

Plaintiff brings the instant case challenging ALJ Sanders' non-disability decision. In response to her Statement of Errors, the Commissioner filed a Motion for Voluntary Remand (Doc. #9) pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Commissioner explains that on remand an ALJ will reevaluate Plaintiff's case using the 5-step sequential process, including whether he is eligible to receive benefits during a closed time period.

Plaintiff agrees that a remand under sentence four of § 405(g) is warranted. He asks, however, that the Court award him benefits because he was under a disability starting in January 2011 due to a herniated disc in his neck. He emphasizes that this injury is shown in an MRI (Doc. #5, *PageID* #294) and causes him neck pain and tenderness plus restricted motion of his neck and reflex, sensory, and motor abnormalities. He asks the Court to award him at least a limited period of benefits from January 2011 to March 2013 due to his cervical disability. It is helpful to note that Dr. West performed surgery on Plaintiff's cervical spine in February 2013, *id*. at 347-54; and Dr. West issued his opinions about Plaintiff's work restrictions in March 2013. *Id*. at 376-79.

Plaintiff also seeks an award of benefits for a closed period starting after March 2013 because, he says, when he turned age 50 in April 2013 the most he could do was sedentary work. In his view, his age 50, additional knee problems and obesity means he was under a disability pursuant to Grid Rule 201.14, Appendix 2, 20 C.F.R. Part 404.

The Commissioner acknowledges that ALJ Sanders' decision is "flawed and cannot be defended." (Doc. #11, *PageID* #810). The Commissioner thus concedes that a remand is warranted but insists that further proceedings are needed on remand, instead of an award of benefits, because the evidence does not clearly establish that Plaintiff's impairments were disabling during either closed period of time.

Under sentence four of § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley v. Commissioner of Social Sec.*, 581 F.3d 399, 410 (6th Cir. 2009); *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

This harkens back to Judge Newman's previous determination in 2016 that the evidence of Plaintiff's disability is not overwhelming and that further proceedings on remand were necessary. (Doc. #5, *PageID* #560). Judge Newman's remand conclusions remain correct for both closed time periods in which Plaintiff seeks benefits because Plaintiff does not point to conclusion-altering medical or other evidence from either time period that has been added to the administrative record since Judge Newman's decision. Plaintiff mainly relies on Dr. West's opinions in March 2013. Yet Judge Newman found Dr. West's opinions needed further consideration on remand. Plaintiff does not cite or

3

describe evidence from the time period after Judge Newman's opinions that suggests Dr. West's opinions now constitute overwhelming evidence of disability, and Plaintiff does not otherwise show that the evidence of his disability is now either overwhelming or strong while contrary evidence is lacking.

Although a present judicial award of benefits is unwarranted, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g).  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings, and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted in full or for a closed period of benefits.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Voluntary Remand (Doc. #9) be GRANTED, and the case be remanded for further consideration; and

2. The case be terminated on the docket of this Court.


June 8, 2020                                             *s/Sharon L. Ovington*
                                                         Sharon L. Ovington
                                                         United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).